Mr. Wm. Kenneth Carnes, Director Department of Public Safety 621 East Capitol Avenue Jefferson City, Missouri 65101
Dear Mr. Carnes:
This official opinion is issued in response to a request by your predecessor for a ruling on the following questions:
 "1. Does the Department of Public Safety, Missouri Council on Criminal Justice, have the authority to determine the number of and the geographical boundaries of regional criminal justice planning units, established by political subdivisions of the state pursuant to the provisions of Sections 70.220
and 70.230, RSMo 1969, or Chapter 251, RSMo 1969, and recognized by the Missouri Council on Criminal Justice, for the purpose of implementing the provisions of the Crime Control Act of 1973, Public Law 93-83?
 "2. If the answer to the first question is in the negative, does the Department of Public Safety, Missouri Council on Criminal Justice, have the authority to determine whether to recognize regional criminal justice planning units for the purpose of implementing the Crime Control Act of 1973, Public Law 93-83?"
The opinion request indicated that the Law Enforcement Assistance Administration had been presented with similar legal inquiries with respect to the application of federal law and regulations. Therefore, this opinion shall be confined to applicable state law except insofar as pertinent federal statutory citations may be necessary to clarify the position taken by this office.
Before responding directly to the legal issues presented by the opinion request, we believe that background information concerning the creation and existence of the Missouri Council on Criminal Justice and of regional criminal justice planning units is essential to an understanding of those issues. We were assisted in the compilation of this background information by Mr. Jay Sondhi, Executive Director of the Missouri Council on Criminal Justice.
The Omnibus Crime Control and Safe Streets Act of 1968 was passed by Congress and signed into law by President Johnson in 1968. Subsequently, the Act was reauthorized and amended in 1971 and 1973. The purpose of this Act and its successors, is set forth in the Crime Control Act of 1973, Public Law 93-83, Title 42, U.S.C. § 3701.
 "It is therefore the declared policy of the Congress to assist State and local governments in strengthening and improving law enforcement and criminal justice at every level by national assistance. It is the purpose of this chapter to (1) encourage States and units of general local government to develop and adopt comprehensive plans based upon their evaluation of State and local problems of law enforcement and criminal justice; (2) authorize grants to States and units of local government in order to improve and strengthen law enforcement and criminal justice; and (3) encourage research and development directed toward the improvement of law enforcement and criminal justice and the development of new methods for the prevention and reduction of crime and the detection, apprehension, and rehabilitation of criminals."
Pursuant to the provisions contained in the original federal Act, Governor Warren Hearnes created in 1968 the Missouri Law Enforcement Assistance Council by Executive Order and charged it with carrying out the provisions of the Act. Thereafter, units of local government, i.e., cities and counties, via cooperative agreements, formed regional law enforcement assistance councils within the state pursuant to Section 70.220, RSMo 1969. The number of such planning units created by cooperative agreement has grown from six in 1971 to nineteen at the present. The regional boundaries of these planning units, by agreement between various units of local government, conform to the geographical boundaries of regional planning commissions, already in existence at the time the Omnibus Crime Control Safe Streets Act of 1968 was passed into law, created pursuant to the provisions of Chapter 251, RSMo 1969.
In 1974, pursuant to the provisions of Section 11 (8) of the Omnibus State Reorganization Act, the Missouri Law Enforcement Assistance Council was abolished and its powers, duties, and functions were transferred to the Director of the newly created Department of Public Safety by a Type I transfer. Thereafter, within that department pursuant to the director's authority under the Omnibus State Reorganization Act to appoint such advisory boards as are required by federal laws or regulations there was created the Missouri Council on Criminal Justice. By means of an Executive Order signed on June 28, 1974, Governor Christopher S. Bond designated the new council as the state planning agency required under Section 203 (a) of Public Law93-83, Title 42, U.S.C. § 3723 (a).
Both the Missouri Law Enforcement Assistance Council and the Missouri Council on Criminal Justice have, heretofore, funneled planning grants provided by the federal Law Enforcement Assistance Administration, for the purposes delineated by federal law, to each of the regional planning units created by cooperative agreement to assist in the funding of planning and administration of crime control and criminal justice programs on the local level.
In specific response to the questions presented by the opinion request, we note that Section 70.220, RSMo 1969, under which the present regional planning units have been created via cooperative agreement, provides as follows:
 "Any municipality or political subdivision of this state, as herein defined, may contract and cooperate with any other municipality or political subdivision, or with an elective or appointive official thereof, or with a duly authorized agency of the United States, or of this state, or with other states or their municipalities or political subdivisions, or with any private person, firm, association or corporation, for the planning, development, construction, acquisition or operation of any public improvement or facility, or for a common service; provided, that the subject and purposes of any such contract or cooperative action made and entered into by such municipality or political subdivision shall be within the scope of the powers of such municipality or political subdivision. If such contract or cooperative action shall be entered into between a municipality or political subdivision and an elective or appointive official of another municipality or political subdivision, said contract or cooperative action must be approved by the governing body of the unit of government in which such elective or appointive official resides."
The above-cited statute gives absolute authority to any political subdivision of this state to enter into a cooperative agreement or contract with any other political subdivision of the state "for a common purpose" with the proviso that the purposes of any such cooperative action or contract "shall be within the scope of the powers of such municipality or political subdivision." The proposition is axiomatic and requires no legal citations that cities and counties of the State of Missouri have included within their powers the function to serve their constituents in matters of crime control.
Furthermore, statutory authority exists whereby political subdivisions may choose, as they have done, to utilize existing regional planning commissions, already created by cooperative agreement pursuant to Section 70.220, as a vehicle whereby they may plan for law enforcement purposes. Section 251.320, RSMo 1969, provides that the comprehensive plan to be prepared by said regional planning commissions:
 ". . . shall be made with the general purpose of guiding and accomplishing a coordinated, adjusted and harmonious development of the region which will, in accordance with existing and future needs, best promote public health, safety, morals, order, convenience, prosperity or the general welfare, as well as efficiency and economy in the process of development."
We have found no authority whatsoever which would allow the State of Missouri, the Department of Public Safety, or the Missouri Council on Criminal Justice to interfere with cooperative agreements made by and between units of local government within the State of Missouri, either to determine their number or their geographical boundaries, in such case as by a cooperative agreement it has been agreed as between political subdivisions to plan for local problems of law enforcement and criminal justice.
On the other hand, there is no legal responsibility on the State of Missouri or any of its agencies to recognize these regional units created by cooperative agreement nor to extend to them state or federal funds to pay for the administration of their planning projects.
This office has been able to review many of the cooperative agreements whereby regional planning units, which presently participate with the Missouri Council on Criminal Justice in law enforcement planning purposes, have been created by cooperative agreement by and between political subdivisions. In none of these agreements has the State of Missouri, the Department of Public Safety, the now defunct Missouri Law Enforcement Assistance Council, or the Missouri Council on Criminal Justice been a party. Therefore, there is no contractual obligation that the Missouri Council on Criminal Justice fund the administration and planning activities of presently constituted regional planning units merely because units of local government have agreed that said planning units should exist. Therefore, we have concluded that although the presently existing regional planning units have full authority to contract or agree with the federal government to receive directly grants for law enforcement planning purposes, the Department of Public Safety and the Missouri Council on Criminal Justice need not recognize their existence, as presently constituted, when the state discharges its obligations under federal law and regulations.
Although legal counsel for the federal Law Enforcement Assistance Administration have been asked to provide an opinion on the applicability of federal law, we find it pertinent to this opinion to note that Section 203 (c) of Public Law 93-83, Title 42, U.S.C. § 3723 (c), provides in part that:
 "The State planning agency shall make such arrangements as such agency deems necessary to provide that at least 40 per centum of all Federal funds granted to such agency under this subchapter for any fiscal year will be available to units of general local government or combinations of such units to enable such units and combinations of such units to participate in the formulation of the comprehensive State plan required under this subchapter. . . ."
Governor Bond's Executive Order of June 28, 1974, designating the Missouri Council on Criminal Justice as the state planning agency required by federal law, provided that this agency "have the power to approve and disapprove the allocation of all grants received through the said Act." Likewise, the By-Laws of the Missouri Council on Criminal Justice provide in Article VII, Section (A) that:
 ". . . The Missouri Council on Criminal Justice, in order to facilitate local participation in comprehensive planning for carrying out the intent of the Act, may approve the use of regional councils established by appropriate local authorities. The number and geographical areas of such regions shall be established by action of the Council."
We interpret the above-cited authorities as indicating that, although neither the Department of Public Safety nor the Missouri Council on Criminal Justice may interfere with, determine the number of, or set the geographical boundaries of regional criminal justice planning units presently existing pursuant to cooperative agreement under Section 70.220, RSMo 1969, those state agencies have full authority to determine how they will distribute federal grants for law enforcement planning purposes to units of local government including the authority to dictate whether regional planning units presently existing shall receive law enforcement planning grants and, conversely, to determine whether changes in the number of or regional boundaries of said planning units will be required before planning grants shall be made to them.
CONCLUSION
Therefore, it is the opinion of this office that the Department of Public Safety, Missouri Council on Criminal Justice, although it does not have the authority to determine the number of and the geographical boundaries of regional criminal justice planning units which have been established by cooperative agreement by and between political subdivisions of the State of Missouri pursuant to the provisions of Section 70.220, RSMo 1969, can choose not to recognize the regional planning units as they presently exist, and is not required by state law to make federal money available to those presently existing regional criminal justice planning units for law enforcement planning purposes.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Michael L. Boicourt.
Very truly yours,
 JOHN ASHCROFT Attorney General